UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-6204-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by misevaluating (1) the medical evidence; (2) plaintiff's testimony; (3) the lay testimony; and (4) residual functional capacity ("RFC"). Dkt. 29. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 57 years old, attended school through seventh grade, and has worked as a hospital cleaner. Tr. 246–47. In November 2016, she applied for benefits, eventually amending her onset date of disability to February 13, 2015, the day after a prior hearing decision.

Tr. 249, 312–13. Her applications were denied initially and on reconsideration. Tr. 312–88. The ALJ conducted a hearing in September 2018. Tr. 239–89.

In a December 2018 decision, the ALJ determined that plaintiff met the insured status requirements through December 31, 2017; had not engaged in substantial gainful activity since the amended onset date of February 13, 2015; and had the severe impairments of chronic obstructive pulmonary disease ("COPD"), cervical spine degenerative disc disease ("DDD") and degenerative joint disease ("DJD"); benzodiazepine dependence; post-traumatic stress disorder ("PTSD"); depressive disorder; and anxiety disorder with agoraphobia. Tr. 70. The ALJ assessed an RFC of light work with additional physical and mental limitations. Tr. 73. Those mental limitations included understanding, remembering, and applying short and simple instructions; performing routine tasks; making simple decisions; an inability to work in a fast-paced, production-type environment; and tolerance for occasional interaction with co-workers and the general public. *Id.* Concluding that plaintiff could perform jobs that exist in significant numbers in the national economy, the ALJ found plaintiff to be not disabled. Tr. 79–80.

Plaintiff submitted additional evidence to the Appeals Council. Tr. 87–238. The Appeals Council disregarded records from Behavioral Health Resources (2 pages) that had already been exhibited; found that the October 2018 psychological/psychiatric evaluation report (5 pages) and August 2018 through August 2019 records from Behavioral Health Resources (147 pages) did not show a reasonably probability of changing the outcome of the decision; and disregarded the May 2019 records from Providence St. Peter Hospital (48 pages) because they post-dated the ALJ's December 2018 decision and therefore did not relate to the period at-issue. Tr. 2. As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–4.

**DISCUSSION**

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ misevaluated the medical evidence, plaintiff's testimony, the lay testimony, and the RFC. The Court finds that the ALJ did not support with substantial evidence the decision to discount the November 2016 opinion of examining psychologist Kimberly Wheeler, Ph.D., Tr. 1376–80, and the October 2018 opinion of examining Alysa A. Ruddell, Ph.D., Tr. 88–91, undermines the ALJ's determination because Drs. Wheeler and Ruddell opined the plaintiff had marked mental limitations in several domains, including completing a normal work day and work week without interruptions from psychologically based symptoms.[1] Moreover, this harmful error calls into question the ALJ's evaluation of the medical evidence of mental limitations, plaintiff's mental-health testimony, the lay statements on mental limitations, and the assessed RFC. The Court reverses the ALJ's decision and remands for further administrative proceedings with direction that the ALJ reexamine Dr. Wheeler's November 2016 opinion, evaluate in the first instance Dr. Ruddell's October 2018 opinion, and consider the medical and testimonial evidence in light of any newly submitted evidence and the

---

[1] By extension, the ALJ also harmfully erred by discounting the opinion of non-examining, reviewing psychologist Brian VanFossen, Ph.D., who affirmed Dr. Wheeler's conclusions regarding plaintiff's marked mental limitations. *See* Tr. 78, 1381–85.

evidence submitted to the Appeals Council, which indicates that since the date of the ALJ's decision plaintiff's physical pain has become less severe.

### 1. Opinions of Examining Psychologists Drs. Wheeler and Ruddell

Plaintiff contends that the ALJ failed to cite specific and legitimate reasons for discounting the opinion of examining psychologist Dr. Wheeler, and the opinion of examining psychologist Dr. Ruddell submitted to the Appeals Council undermines the ALJ's decision. The Court agrees.

For applications filed before March 27, 2017, as this one was, more weight should generally be given to the opinions of examining doctors than to the opinions of doctors who do not examine or treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see* 20 C.F.R. § 404.1527(c)(2); SSR 96-2p (rescinded by Federal Register Notice Vol. 82, No. 57, page 15263, effective March 27, 2017). Here the ALJ favored the opinions of non-examining agency psychiatrist Eugene Kester, M.D., and of non-examining agency psychologist Christmas Covell, Ph.D., over the opinion of examining psychologist Dr. Wheeler. The Appeals Council denied review despite examining psychologist Dr. Ruddell's opinion. *See* Tr. 2, 77–78. The Court therefore examines whether the examining opinions of Dr. Wheeler was rejected for specific and legitimate reasons that are supported by substantial evidence, *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . an examining physician . . . ." *Id*. The Court must also address whether Dr. Ruddell's opinion undermines the ALJ's determination. *See Ramirez v. Shalala*, 8 F.3d 1449,1451-52 (9th Cir. 1993) (the court may consider new evidence submitted for the first time to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence).

In November 2016, Dr. Wheeler examined plaintiff and based her opinion on the examination, her February 2014 psychological examination of plaintiff, and DSHS case notes. Tr. 1376. Dr. Wheeler opined that plaintiff had marked limitations in adapting to changes in a routine work setting, communicating and performing effectively in a work setting, and completing a normal work day and work week without interruptions from psychologically based symptoms; and concluded that plaintiff's overall severity rating was marked. Tr. 1378–79. In the mental status exam, Dr. Wheeler noted that plaintiff's mood was anxious; she held a lot of muscle tension, particularly around the throat/neck/jaw when feeling anxious and was fidgety in her chair; her thought process was both within normal limits and was not within normal limits given her persistently anxious thoughts; her memory was and was not intact "[g]iven the disruption in her mentation when anxious, likely can be forgetful in work setting"; and her concentration was not within normal limits because she was math impaired, had difficulty spelling world backwards, and memory was impaired and dropped with flares in anxiety. Tr. 1379–80. The ALJ rejected Dr. Wheeler's opinion that plaintiff suffered from any marked mental limitations as (1) not supported by the mental status examination; (2) supported only by plaintiff's subjective complaints in which plaintiff herself acknowledged "medium" symptoms; and (3) conflicting with the non-examining opinions of Drs. Kester and Covell. Tr. 78. None of these were specific and legitimate reasons for rejecting Dr. Wheeler's opinion that plaintiff suffered from marked mental limitations in several domains.

First, the ALJ erred by determining that Dr. Wheeler's conclusions were not supported by the mental status examination. Dr. Wheeler determined that plaintiff was not within normal limits with respect to mood, attitude and behavior, thought process and content, memory, and concentration, and specifically noted that anxiety disrupted plaintiff's mentation and suggested

that she would likely be forgetful in a work setting. Tr. 1379–80. Dr. Wheeler's mental status examination is consistent with the medical record that shows documented concerns in these domains. For example, in September 2018, her psychiatrist Katharine Danner, M.D., noted "I am increasingly concerned about her memory." Tr. 100. Similarly, in December 2018, her counselor noted that "[c]lient presented as tearful, which is the client[']s baseline . . . client also indicated recent [suicidal ideation] which she called the police and crisis line for." Tr. 138.

Second, the ALJ made the unreasonable inference that because plaintiff referred to her symptoms of *depression* as "like medium, I guess," Tr. 1377, any and all mental symptoms were unequivocally moderate despite Dr. Wheeler's clear focus on marked *anxiety* symptoms and years of mental-health records that suggest far more than medium anxiety and agoraphobia symptoms, suicidal ideation, and documented suicide attempts in 2014 and 2019. Tr. 1378–79; *see, e.g.*, Tr. 100 (psychiatrist noting concerns about memory), Tr. 138 (noting recent suicidal ideation and baseline as tearful), Tr. 195 (documenting 2019 suicide attempt), Tr. 204–05 (in 2019 psychiatrist noting concern about short-term memory loss and documenting auditory hallucinations), Tr. 1155 (documenting 2014 suicide attempt). For example, in February 2017, plaintiff's treating physician noted that plaintiff suffered from severe anxiety but that he would not prescribe benzodiazepines because plaintiff had used them in a suicide attempt before. Tr. 1451. Similarly, during a May 2017 mental status examination, plaintiff was noted to have compulsions, phobias, and obsessions, and was observed to have poor attention, poor concentration, impaired short-term memory, and poor insight and judgment. Tr. 1533. Even if plaintiff in a single instance described her symptoms of depression as "medium, I guess," such a description is contradicted by years of records showing severe, chronic mental-health symptoms that have involved hospitalization and regular medication.

Third, the ALJ gave undue weight to the opinions of non-examining psychiatrist Dr. Kester and non-examining psychologist Dr. Covell, who both dismissed Dr. Wheeler's 2016 opinion with boilerplate language, stating that it relied too heavily on plaintiff's subjective complaints, and was inconsistent with the mental status examination and the "totality of the evidence." Tr. 77; *see* Tr. 326, 360. Although the ALJ correctly noted that no treating source on record stated that plaintiff's mental health would prevent her from working full-time, Tr. 77, it is also true that plaintiff's treatment history does not contradict a finding of disability. Despite no explicit treating statement regarding mental functional capacity, years of treatment records document severe psychological disturbances, the opinions of Drs. Wheeler and Ruddell state that plaintiff is markedly limited in the ability to work full-time, and another, independent, May 2017 mental status examination observed that plaintiff suffered from poor attention, poor concentration, impaired short-term memory, and poor insight and judgment. *See* Tr. 87–91, 1376–80, 1533. In this regard, Dr. Ruddell's post-hearing opinion undermines the ALJ's determination.

The ALJ's other reasons for giving the opinions of Drs. Kester and Covell great weight are based on unreasonable medical presumptions that are unsupported by the record. The ALJ stated "[t]he consultant opinions are also generally consistent with the statements from BHR that the claimant has showed a desire for secondary gains that may be received by remaining disordered." Tr. 77. This single reference, taken out-of-context, suggests that plaintiff has been exaggerating her symptoms, perhaps for financial gain, but that is an unreasonable presumption in light of that treatment note and the totality of the record. In February 2017, plaintiff's counselor referred to a possible *therapeutic intervention* that could be employed twice per month to address plaintiff's presenting problem of panic disorder and agoraphobia:

> Assess for secondary gains [plaintiff] may be receiving by
> remaining disordered w/panic and/or agoraphobia (e.g.,
> attention/co-dependency, care-receiving, avoidance of activity);
> directly address gains if evident.

Tr. 1434. That is, the counselor noted that it might prove therapeutic to directly address with plaintiff whether her severe symptoms result in emotionally or materially rewarding outcomes (attention, care-receiving, avoidance of activity) because such comforting "secondary gains" could inhibit strategies to alleviate anxiety. Nowhere did the counselor suggest that plaintiff's mental symptoms were less severe than plaintiff claims; and nowhere in the record do treatment providers or examiners suggest doubt in plaintiff's subjective complaints about the severity of her anxiety. Similarly it was unreasonable for the ALJ to presume that plaintiff has exaggerated her mental health limitations because she testified that counseling was helping her or that her presentation during physical examinations did not generally show her to be anxious. Tr. 77. Mental health counseling is designed to be helpful such that the fact that it is indeed helpful does not suggest in-and-of-itself that a claimant no longer suffers from debilitating symptoms. That a general practice physician examining plaintiff's continuing back and neck pain notes in a perfunctory fashion that plaintiff was "[c]ooperative, appropriate mood and affect" does not undermine years of mental-health specialists' treatment records that demonstrate severe anxiety, a baseline of being tearful, and concerns about memory. *Compare* Tr. 1826 *with* Tr. 100, 138; *see generally* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). Moreover, the ALJ self-testified to an unsubstantiated medical conclusion:

> She stated she has agoraphobia, but she also stated she is able to
> leave her home to seek treatment. If she can leave to seek
> treatment, she can leave to go to work.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

Tr. 77. None of plaintiff's mental-health providers have suggested that plaintiff's agoraphobia is non-severe or imaginary because plaintiff is able to attend treatment appointments, and the ALJ cited no authority for the proposition that agoraphobia can contribute to debilitating mental health symptoms only if a claimant is unable to attend mental-health treatment.

In October 2018, i.e., after the ALJ hearing but before the ALJ's decision, Dr. Ruddell examined plaintiff and opined that she was markedly severe for anxiety and insomnia, and was moderately severe for depression, health problems, and social relationships. Tr. 88. Dr. Ruddell concluded that plaintiff had overall limitations of marked severity with marked limitations in understanding, remembering, and persisting in tasks by following detailed instructions; learning new tasks; adapting to changes in a routine work setting; completing a normal work day and work week without interruptions from psychologically based symptoms; and setting realistic goals and planning independently. Tr. 89. In the mental status examination, Dr. Ruddell observed that plaintiff was restless; had a nervous, scared or hypervigilant affect; had an anxious mood; was paranoid; had concentration impaired on serial 3's; had impaired abstract thinking in two domains; and had no insight into her own condition. Tr. 90. The Appeals Council found that Dr. Ruddell's opinion did not show a reasonable probability that it would change the outcome of the decision, presumably relying on the ALJ's reasoning for discounting Dr. Wheeler's 2016 opinion. Tr. 2. For the reasons stated earlier with respect to Dr. Wheeler's opinion, the Court finds that Dr. Ruddell's opinion undermines the ALJ's determination and is also grounds for remand.

The Court finds the ALJ failed to support with substantial evidence the decision to discount the examining opinions of Dr. Wheeler and that the opinion of Dr. Ruddell undermines the ALJ's disability determination. This constituted harmful error because plaintiff could have

been found to be disabled had their opinions regarding the severity of plaintiff's mental limitations been properly considered.

**2. Plaintiff's Testimony, Lay Statements, RFC**

Plaintiff contends that the ALJ misevaluated plaintiff's testimony, the lay statements, and RFC. The Court agrees because the ALJ misevaluated the critical opinions of examining Dr. Wheeler and the opinion of Dr. Ruddell undermines the disability determination. Because those opinions must be reevaluated in light of the voluminous mental-health treatment records, plaintiff's testimony, lay statements, and RFC must also be reevaluated on remand.

**3. Remand for Further Administrative Proceedings**

Plaintiff contends that this case should be reversed and remanded for an award of benefits based on the credit-as-true standard. The Court disagrees.

Usually, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 9th Cir. 1981). The Ninth Circuit has, however, devised a three-part credit-as-true standard, which must be satisfied in order for a court to remand to the ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). Here, the ALJ has not yet had the opportunity to review the extensive records supplied to the Appeals Council and further administrative proceedings will help to clarify the severity of plaintiff's mental *and* physical limitations. Although plaintiff has broadly challenged both the physical and mental RFC, she has

failed to demonstrate how the ALJ's physical RFC assessment was erroneous and has, in fact, presented to the Appeals Council medical evidence suggesting that plaintiff's physical impairments have since become less severe. In April 2019, plaintiff's treating psychologist Dr. Danner noted: "On a positive note, her back surgery went very well and she is now pain free. She is not using any pain medication other than [L]yrica at this time." Tr. 186. During in-patient admission after a May 2019 suicide attempt, plaintiff stated that her chronic back pain had been alleviated by surgery to remove a lumbar cyst. Tr. 14. Moreover, as the ALJ noted, no treatment provider has opined directly regarding plaintiff's mental functional capacity. Remanding for further administrative proceedings will allow the ALJ to reevaluate the examining opinions of Drs. Wheeler and Ruddell, to assess in the first instance all the evidence that was presented to the Appeals Council, and to supplement the record regarding the severity of plaintiff's mental and physical limitations.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reexamine Dr. Wheeler's November 2016 opinion, evaluate in the first instance Dr. Ruddell's October 2018 opinion, and consider the medical and testimonial evidence in light of any newly submitted evidence and the evidence submitted to the Appeals Council, which indicates that since the date of the ALJ's decision plaintiff's physical pain has become less severe.

DATED this 7th day of May, 2021.

BRIAN A. TSUCHIDA  
United States Magistrate Judge